UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JUSTAN ADAMS,            )
                         )
        Plaintiff        )
v.                       )    1:17-cv-00200-GZS
                         )
RANDY ADAMS, et al.,     )
                         )
        Defendants       )

# RECOMMENDED DECISION
## BASED ON PLAINTIFF'S FAILURE TO PROSECUTE

On June 5, 2017, Plaintiff filed a complaint and an Application to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) Because Plaintiff had not provided the required information for the Court to rule on his Application to proceed *In Forma Pauperis*, on June 7, 2017, the Court ordered Plaintiff to pay the filing fee or provide an amended Application to Proceed *In Forma Pauperis* on or before June 28, 2017. (ECF No. 3.) Through the order, the Court informed Plaintiff that a failure to comply with the order could result in the dismissal of the matter. On June 27, 2017, the Court's mailing of its Order was returned marked by the U.S. Postal Service: "Return to Sender Attempted – Not Known Unable to Forward." Plaintiff has not responded to the Court's June 7, 2017, Order, and has not otherwise communicated with the Court. As explained below, I recommend the Court dismiss Plaintiff's complaint without prejudice.

**Discussion**

"A district court, as part of its inherent power to manage its own docket, may dismiss

a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for a party's failure to prosecute and failure to comply with the court's orders. Here, Plaintiff has failed to comply with the Court's June 7, 2017, Order that required Plaintiff to pay the filing fee or file an amended application to proceed *in forma pauperis*. (ECF No. 3.) Plaintiff, therefore, has not only failed to comply with a court order, but he has also failed to satisfy a necessary prerequisite to the filing of an action in this court (i.e., pay the filing fee or file a complete application to proceed *in forma pauperis*). In other words, Plaintiff has failed to take the measures necessary to prosecute his claim.

The fact that Plaintiff might have relocated and not received the Court's order does not absolve him of his obligation to prosecute this action. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You

must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online).

Given Plaintiff's failure to comply with the Court's order, his failure otherwise to prosecute the action, and his lack of communication with the Court following the filing of the complaint and Application for Leave to Proceed *In Forma Pauperis* on June 5, 2017 (ECF Nos. 1 and 2), dismissal is warranted. Because Plaintiff evidently did not receive the Order regarding the need to pay the filing fee or file an amended application to proceed *in forma pauperis*, and because the complaint has not been served on the defendants, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of June, 2017.